(Superior Court of Cincinnati.)
General Term, July, 1897.

MICHAEL A. McGUIRE v. THE LOUIS SNIDER PAPER COMPANY, A CORPORATION UNDER THE LAWS OF OHIO.

Attachment, where it is alleged that the defendant fraudulently contracted the obligation sued on.

Motion to strike supplemental petition from the files not sustained, where the additional circumstance is set up that deceit was practiced.

A new cause of action can not be set up by way of supplemental petition, especially a cause of action to which the plaintiff was not entitled when he commenced his action

The deceit in this case was not only in concealment, but also indirect statement. Held—That the attachment should be sustained on the ground that the debt was fraudulently contracted. (Par. 9, Sec. 521, R. S.)

HUNT, J., Smith and Jackson, JJ., concurring.

This case comes before the court on reservation from the Special Term.

The questions presented for consideration are:

First. The motion of the plaintiff filed July 21, 1896, for leave to file supplemental affidavit.

Second. The motion of the defendant filed November 19. 1896, to dismiss the second order of attachment issued February 19, 1896, on the ground that the facts stated in the affidavit on which the order of attachment issued, are not sufficient in law, to entitle the plaintiff to an attachment, and hence that it is not true that defendant fraudulently contracted an obligation to plaintiff as alleged in the affidavit.

Third. The motion of the defendant filed November 19, 1896, to strike the plaintiff's so-called Supplemental Petition filed July 21st, 1896, from the files on the ground that the same was filed without leave of court, and without notice to the defendant, and that it does not allege facts material to the case which occurred subsequent to the filing of the original petition; and

Fourth. The motion of defendant filed February 27, 1897, to strike from the files the plaintiff's second Supplemental Petition, filed January 25, 1897, on the ground that the so-called supplemental petition does not allege any facts occurring, subsequent to the filing of the former petition, which are material to the case stated in the petiiton, and because the so-called supplemental petition sets up a new cause of action of a different character from and indepedent of the cause in the original petition.

The petition alleges for a first cause of action, that on the 22d day of May, 1896, the defendant, by its duly authorized officer, came to the plaintiff and requested the plaintiff to give the defendant financial aid. Thereupon the plaintiff agreed to accommodate the defendant and to execute two promissory notes, dated May 22, 1896, drawn by plaintiff to the order of the defendant, and payable in three and four months from date, respectively, each of said notes to be for the sum of $1,250, and to deliver the same to the defendant, to be negotiated by the defendant for its own use and benefit, and in consideration thereof, the defendant promised to execute its note, dated February 22, 1896, to the order of the plaintiff, payable in four months from date, for the sum of twenty-five hundred dollars, and to deliver the same to the plaintiff, with such additional security to the note as would be satisfactory to the plaintiff, in order to secure the plaintiff from all loss or damage by reason of the execution and delivery of the first named notes.

"It is further alleged that, relying solely upon said agreement, the plaintiff, on the same day, executed and delivered to the defendant, two notes, each for the sum of twelve hundred and fifty dollars, for its accommodation, and that the defendant, on the same day, executed and delivered to the plaintiff its note for twenty-five hundred dollars, and at the same time agreed to deliver to the plaintiff, on the following morning, the collateral to secure the note; that the defendant failed to deliver said collateral securities on the following morning, and still fails to deliver the same, although frequently demanded, and now declines to give plaintiff any collateral security.

Then follows an allegation of the threatened transfer of the notes, and a prayer for an injunction.

The petition, for a second cause of action, alleges substantially the same state of facts as set forth in the first cause of action, but avers further, that by reason of the defendant thus obtaining the two notes, without delivering to the plaintiff the collateral security as ageed upon, and converting them to the use of the defendant, the defendant fraudulently contracted the obligation, and became indebted to the plaintiff in the sum of $2,500, with interest from May 22, 1896.

The defendant, by its answer filed July 15, 1896, admits that on the 22d day of May, 1896, the plaintiff executed his promissory notes to the order of the defendant, payable in three and four months, respectively, each of said notes being for the sum of $1,250, but denies each and every other allegation in the petition. The defendant claims that the only notice it had of the transaction was that on the 22d day of May, 1896, W. D. Garrison, who was then its treasurer, being indebted to this defendant in the sum of $3,500 for money of the company which he had wrongfully appropriated to his own use, had been requested by the defendant to make the deposit good; that on the 22d day of May 1896, a meeting of the directors of the defendant company was held, the object of which was to give Garrison an opportunity to make good the shortage; that Garrison was present at the meeting and made a statement to the directors to the effect that $2,500 had been deposited in the Market National Bank, of Cincinnati, to the credit of the defendant, and to apply towards the liquidation of the amount which Garrison owed the defendant; that this was the first notice the said directors had of such deposit; that at the meeting the bank pass-book of the defendant being produced, it showed a deposit in the Market National Bank to the credit of the defendant, the sum of $2,466.25, in the nature of discounted notes; that a committee was appointed by said directors to investigate the matter, and the committee ascertained at the bank, that the discount represented the proceeds of the two notes drrawn by M. A. McGuire, and made payable to the Louis Snider Paper Co., which notes are, in all probability, the two notes mentioned in the plaintiff's petition; that

at the same meeting, the resignation of W. D. Garrison, as treasurer of the company, was accepted, and since that time he has not been treasurer or other officer of the company, except that he has continued to retain his position as director.

The answer further avers that the first notice it ever had, that the two notes, each for $1,250, mentioned in the plaintiff's petition, were obtained from the plaintiff under the alleged circumstances, was from the petition in the case; that it has no knowledge of the facts, and therefore denies the same; that it is informed, and charges the facts to be, that said notes were obtained by Garrison for his own benefit, and for the purpose of making good his shortage to the company; that the defendant did not execute the note for $2,500 mentioned in said petition, nor did it promise the plaintiff to give him security for the notes; that it is informed and believes that the said Garrison promised to give the plaintiff collateral security on his own responsibility; that if Garrison, or any other officer of the company, executed and delivered to the plaintiff, a note for $2,500, or asked the plaintiff to accommodate the use of his paper, or promised to give him collateral security to indemnify him on the notes mentioned in the petition, the officers acted without authority and without notice on the part of the directors of the company.

The plaintiff filed a supplemental petition on July 21, 1896, in which the plaintiff reaffirms all matters and things set forth in his original petition, and further says, that previous to the 22d day of July, 1896, the day on which he gave him his notes for $1,250 each, to the defendant, for its accommodation, on condition that the defendant would give him its own note for $2,500, secured to the satisfaction of the plaintiff, the Louis Snider Paper Company, the defendant knew that its treasurer, W. D. Garrison, was indebted to it in the sum of about $3,500 or more, for money of the company, which he had wrongfully appropriated to his own use, and said company had requested him to make the deposit good, and on the same day a meeting of the directors of the company, was held, to give Garrison an opportunity to make good the shortage; that while the aforesaid affairs of the defendant, were in that condition, the defendant, acting by its president and treasurer, procured from the plaintiff, in the manner and under the circumstances and on the conditions set forth in the original petition, his two notes for $1,250 each, and had them on the same day discounted at the bank of the defendant, and the proceeds applied to its credit in reducing the debt by way of shortage of the treasurer, and the proceedings were made known to the board of directors, at the meeting held May 22d, 1896.

It is further alleged that the defendant company well knew that the notes were payable to its order, and that they were duly endorsed by it before being discounted; that neither the president, nor the treasurer of the defendant, at the time they obtained said note, or at any time thereafter, disclosed to the plaintiff anything about the shortage, or their intention to use the notes of the plaintiff in making the shortage good to said defendant, but on the contrary, they carefully concealed the same from the plaintiff, and pleaded that they needed said notes to meet paper of the company, which was pressing, and must be met that day; that the plaintiff acted on this representation, and on the condition solely, that the defendant would secure him as stated in the original petition, and use said notes in paying the pressing obligations of the company; that the plaintiff would not have given the notes, had he known the facts thus concealed from the plaintiff, and that the plaintiff has learned the facts as stated, since the filing of the original petition.

The plaintiff, on July 21, 1896, filed an affidavit under section 5521 of the Revised Statutes, for an order of attachment against the defendant, directed to the sheriff of Hamilton county, Ohio, who attached the goods and chattels described in the order, on the same day.

*As to the motion of plaintiff for leave to file supplemental affidavit.—*

The record discloses that the motion of the plaintiff for leave to file supplemental affidavit was filed July 21, 1896, and that on the same day the affidavit was in fact filed on which the attachment was issued.

The original attachment had been discharged, and this was practically the filing of an affidavit as a ground of an attachment. The motion is not pressed and need not further be considered.

*As to the motion of the defendant to strike the supplemental petition of the plaintiff, filed July 21, 1896, from the files.—*

It is the contention of the defendant that the motion should be granted, because the supplemental petition was filed without leave of court or notice, as required by section 5119 R. S., and that it does not allege material facts occurring subsequent to the filing of the original petition.

It is the uniform practice of courts of justice, to allow either party to amend his pleading at any time before judgment, so as to present any fact that may be necessary to his cause or his defense. It is a wholesome practice and should be encouraged, unless some statutory provision may intervene, or some injustice may be done in view of the surroundings of the parties to the action.

The supplemental petition sets up the additional circumstances, the deceit which the plaintiff claims, was practiced upon him in procuring the notes by the statement that it was to pay pressing debts of the company, when in fact it was really obtained and used to make good the shortage of Garrison.

That was a fact that the plaintiff alleges only came to his knowledge, after, or by reason of the filing of the defendant's answer to the original petition.

There is no good reason why the motion to strike the supplemental petition from th files, should be granted.

*As to the motion to strike from the files the so-called second supplemental petition, filed January 25, 1897.—*

The pleading sets up facts, and seeks a recovery on a new cause of action.

It seeks to recover a personal judgment on the note for twenty-five hundred ($2,500) dollars. It is a well settled principle of law, that a new cause of action can not be set up by way of supplemental petition, especially a cause of action to which plaintiff was not entitled when he commenced his action. Tiffany v. Bowerman, 2 Hun., 643.

The motion to strike from the files the second supplemental petition filed January 25, 1897. will be granted.

*As to the motion to discharge the second attachment.—*

The petition and affidavit and supplemental petition show that the officers of the defendant. by various false representations, obtained from the plaintiff his negotiable promissory notes, which they immediately discounted to a bona fide holder without notice. The cause of action in favor of the plaintiff, under such a state of facts, would arise immediately upon the discovery of the fraud. It is not important whether it is called an action for deceit or an action as for the conversion of the property of the plaintiff in the nature of an action of trover at common law. It was undoubtedly the purpose of the code of civil procedure to abolish the common law distinction between causes of action, and permit the parties to come into court and simply state the facts of the case and let the court determine whether the law affords any remedy. Decker v. Matthews, 12 N. Y., 313; 2 Sedgwick on Damages, section 708.

The second affidavit, filed July 21, 1896, upon which a second attachment was issued, states that the defendant obtained the notes by the false pretense, that they would give collateral security, and that the money was needed for the payment of an indebtedness of the company, but that in part it was wanted by them to make good the shortage of its treasurer, William D. Garrison; that this last named purpose was carefully concealed from the plaintiff while the other was stated, and that the plaintiff would not have entered into the transaction if he had been aware of the true purpose for which the note was obtained. The affidavit recites that it is made in connection with the petition.

The petition avers that the original agreement was that the defendant was to give the notes secured by good collateral to the satisfaction of the plaintiff, so as to fully protect him, and further says that the time the notes were given and delivered the officer of the defendant company promised the plaintiff to hand over the collateral securities the next morning but that no collateral securities were ever delivered. We are not prepared

to say that the law will infer that there was no intention to deliver the collateral at the time this agreement was made, and that the immediate breach of the promise, unexplained, is sufficient evidence that there was no intention to keep the promise. There may be cases, it is true, where a promise may be made or taken as the instrument of fraud, and the basis of relief on the ground of fraud.

The petition, as the affidavit under which the second attachment was issued, however, does set out facst to show that the representations were false as to the purpose for which the money was obtained, and that the plaintiff was deceived thereby. The notes of the plaintiff were discounted on the same day, and the proceeds applied to the extinguishment of the debt occasioned by the shortage of the treasurer, and not applied to meet the pressing demands of the company, and thus became an account of the Louis Snider Paper Company. The falsity consisted not only in the concealment, but also in the direct statement of the purpose for which the money was obtained.

The case is not without some doubt, but after a review of the authorities, and a careful examination of the record, the court is of the opinion that the attachment should be sustained, on the ground that the debt was fraudulently contracted for which the suit has been brought, as provided in paragraph nine, section 5521 of the Reivsed Statutes.

The motion ot discharge the attachment is overruled.

Outcalt & Granger for the motion; E. P. Bradstreet, W. P. Biddle and H. D. Peck, contra.